IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NOS. 1:07-mj-00119-MR, 1:07-mj-00120-MR,
1:07-mj-00121-MR, and 1:07-mj-00122-MR

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FOUR SEIZURE WARRANTS | ) | **O R D E R** |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner Zeke Layman's "Petition for Redress of Grievance and Determination of Probable Cuase [sic]"; the Government's Motion to Dismiss; and Petitioner's "Notice of Withdrawal of Petition for Redress of Grievance and Request for Determination of Lack of Standing to Sue," all of which were filed in each of the above-captioned cases. Because the parties' filings are identical in each case and involve identical issues of fact and law, these matters will be consolidated for disposition in this Order.

On November 9, 2007, the Honorable Dennis L. Howell, United States Magistrate Judge, issued four seizure warrants upon application by the Government concerning property located at four different locations. Returns were made on the warrants on or about November 29, 2007. On April 16, 2010, the Petitioner, proceeding *pro se*, sought to quash these warrants on the grounds that he has a claim and interest in the property

that was seized. On May 10, 2010, the Magistrate Judge denied the Petitioner's motion, reasoning that mere ownership of personal property seized is insufficient to give the owner a sufficient expectation of privacy to challenge its seizure. The Petitioner further was advised to review the Government's response for the proper procedure for contesting the forfeiture of the subject property. The Petitioner moved for reconsideration of the Magistrate Judge's Order, which was denied on May 24, 2010.

The Petitioner then moved for the entry of a temporary restraining order and a preliminary injunction to enjoin the Government from "making any use of, selling, removing or forfeiting" the seized property. Noting that the Petitioner's Application asserted the same arguments that were raised in his prior Motion to Quash, the Court denied Petitioner's Application on June 18, 2010.

The Petitioner then returned to this Court with the present "Petition for Redress of Grievance and Determination of Probable Cuase [sic]" filed in each of the above-referenced cases. The Government in turn moved to dismiss Petitioner's Petition. Following the filing of the Government's motion to dismiss, the Petitioner then moved to withdraw his Petition. In his Notice of Withdrawal, however, Petitioner requests that this Court make a

determination that United States Attorney Anne Tompkins and Assistant United States Attorney Thomas Ascik "lacking standing to sue in this case."

In light of the Petitioner's Notice of Withdrawal, the "Petition for Redress of Grievance" shall be deemed withdrawn and the Government's Motion to Dismiss is denied as moot. The Petitioner is once again advised to consult the Government's Response to his Motion to Quash, as such Response clearly spells out the proper procedure by which he may seek the return of the seized property that he claims to own.

The Court finds the Petitioner's request for a determination that the United States Attorney lacks "standing to sue in this case" to be frivolous on its face and such request is therefore denied. Although the Court must not hold *pro se* litigants to the strict pleading requirements to be followed by licensed legal practitioners, such litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002). The Petitioner has been previously warned that future frivolous filings may result in the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and this Court's inherent powers, and that such sanctions may include directives of a non-monetary nature, an order to pay a penalty into court, an order directing

3

payment of reasonable attorneys' fees incurred, and/or a pre-filing review system. [See Case No. 1:07-mj-00119-MR, Doc. 13]. The Petitioner is again so warned, and is further advised that if a pre-filing system is placed in effect, any future pleadings presented to this Court which are not made in good faith and which lack substance will be summarily dismissed as frivolous. Further, if such filings persist, the Court may modify the pre-filing review system to include an injunction from filings within the Western District of North Carolina. See, e.g., Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997); In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

Accordingly, **IT IS, THEREFORE, ORDERED** that Petitioner Zeke Layman's "Petition for Redress of Grievance and Determination of Probable Cuase [sic]" [Case Nos. 1:07-mj-00119-MR, Doc. 14; 1:07-mj-00120-MR, Doc. 16; 1:07-mj-00121-MR, Doc. 14; 1:07-mj-00122-MR, Doc. 15] is **DEEMED WITHDRAWN**, and the Government's Motion to Dismiss [Case Nos. 1:07-mj-00119-MR, Doc. 15; 1:07-mj-00120-MR, Doc. 17; 1:07-mj-00121-MR, Doc. 15; 1:07-mj-00122-MR, Doc. 16] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's "Request for Determination of Lack of Standing to Sue" [Case Nos. 1:07-mj-00119-MR,

Doc. 16; 1:07-mj-00120-MR, Doc. 18; 1:07-mj-00121-MR, Doc. 16; 1:07-mj-00122-MR, Doc. 17] is **DENIED**.

    **IT IS SO ORDERED**.

Martin Reidinger
United States District Judge